IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **BURVON KING JR.** §<br>§ *Plaintiff*, §<br>§<br>**V.** §<br>§<br>**GENERAL MOTORS LLC; ANDROID** §<br>**INDUSTRIES, LLC; AI-SHREVEPORT,** §<br>**LLC DBA ARLINGTON INDUSTRIES,** §<br>**LLC; and AVANCEZ, LLC** §<br>§<br>*Defendants*. § | Civil Action No. 4:23-cv-00398-BP |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW BURVON KING JR.**, (hereinafter "Plaintiff"), complaining of **GENERAL MOTORS LLC; ANDROID INDUSTRIES, LLC; AI-SHREVEPORT, LLC DBA ARLINGTON INDUSTRIES, LLC; and AVANCEZ, LLC**. (hereinafter "Defendants") and for causes of action respectfully shows the following:

**1.00    Parties and Service of Citations**

1.01    Plaintiff is an individual whose place of residence is Tarrant County, Texas. The last three digits of Plaintiff's Social Security No. are 776, and the last three digits of his Texas Driver's License are 739.

1.02    Defendant **GENERAL MOTORS LLC**. ("GM") is a limited liability company formed in Delaware. Its principal place of business is in Michigan.  It has appeared and answered in this action and may be served with this instrument pursuant to Rule 5(E) of the Federal Rules of Civil Procedure.

1.03   Defendant **ANDROID INDUSTRIES, LLC**. ("Android Industries") is a limited liability company formed in Michigan. Its principal place of business is in Michigan. It has appeared and answered in this action and may be served with this instrument pursuant to Rule 5(E) of the Federal Rules of Civil Procedure.

1.04   Defendant **AI-SHREVEPORT, LLC DBA ARLINGTON INDUSTRIES, LLC**. is a limited liability company formed in Michigan. Its principal place of business is in Michigan. It has appeared and answered in this action and may be served with this instrument pursuant to Rule 5(E) of the Federal Rules of Civil Procedure.

1.05   Defendant **AVANCEZ, LLC**. is a limited liability company formed in Michigan. Its principal place of business is in Michigan. It has appeared and answered in this action and may be served with this instrument pursuant to Rule 5(E) of the Federal Rules of Civil Procedure.

**2.00   Misnomer/Alter Ego**

2.01   In the event any parties are misnamed or are not included, it is Plaintiff's contention that such was a "misidentification," "misnomer," or such parties were "alter egos" of parties named.

2.02   Alternatively, Plaintiff contends such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

2.03   In the event that the true parties are misidentified, Plaintiff asserts reliance upon the doctrine of misidentification.

**3.00   Jurisdiction and Venue**

3.01   This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. §1332(a)(1) because no plaintiff is a citizen of any state in which any defendant is a citizen of, and the amount in controversy in this matter exceeds $75,000.00, excluding interest and costs.

3.02   This Court has personal jurisdiction over Defendants because this suit arises out of and relates to Defendants' activities within the State of Texas.

3.03   Further, Defendants engage in intentional, foreseeable, continuous, and systematic contacts within Texas, to a degree such contacts render each of them "at home" in Texas.

3.04   Defendants have such minimum contacts with the State of Texas, and this lawsuit arises from those contacts.  Therefore, this Court's exercise of jurisdiction over Defendants does not offend traditional notions of fair play and substantial justice.

3.05   Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391(b)(2), as the events giving rise to this claim occurred in the Northern District of Texas — specifically those event occurred in Tarrant County, Texas where this law suit was originally filed in state court.

3.06   Additionally, this Court is the proper court for removal because it is the federal district court embracing the state court where the case was pending.

**4.00   <u>Statement of Facts</u>**

4.01   Plaintiff Burvon King suffered injuries on two separate occasions while working at GM Arlington Supplier Park.  During the course of Plaintiff's employment at the facility, the identity of his employer would change from time to time and Plaintiff was not always cognizant of the legal entity to which he was employed.

4.02   On or about June 12, 2021, Mr. King was injured while working at the GM Arlington Supplier Park operated by when a tow-cart driver, Chris Ross, the employee of one or more of the Defendants, failed to unlatch Mr. King's harness, and Mr. King was yanked to the ground where he struck his head.

4.03   Although Mr. King attempted to continuing working over the next few weeks, the pain from his injury continued to increase and he was forced to seek emergency medical attention.

At that time, it was discovered that he was suffering from a slow brain bleed as a result of his June 12 injury and he required surgical intervention.

    4.04    After a period of recovery following his July 2021 surgery, Plaintiff returned to work. On or about September 14, 2021, Carl Johnson, believed to be an employee of Android-Industries or one of the other Defendants, acting in the course and scope of his employment, drove a forklift over Plaintiff's foot.

    4.05    As a result, Plaintiff fell and fractured both his ankle and hip.

    4.06    This incident also occurred while Plaintiff worked at the plant owned by GM and co-operated by GM and Android Industries — GM Arlington Supplier Park located at 2919 E Division St., Arlington, TX 76011.

    4.07    As a result of these incidents, Plaintiff suffered reasonable and necessary medical care and expenses, severe injuries, pain suffering, physical impairment and lost wages.

    4.08    Defendants' negligence, or that of the employee(s) of one or more Defendants, was the proximate cause of the severe injuries and damages suffered by Plaintiff.

**5.00    <u>Defendants: General Negligence</u>**

    5.01    Defendants had a duty to exercise the degree of care that a reasonably careful person would exercise to avoid harm to others under circumstances similar to those described herein. Plaintiff's injuries were proximately caused by Defendants' negligent, careless, and reckless disregard of said duty.

    5.02    The negligent, careless, and reckless disregard of duty of Defendants, consisted of, but is not limited to, the following acts and omissions:

    A.    In that Defendants failed to use reasonable care to provide a safe work environment for Plaintiff;

    B.    In that Defendants' employee failed to keep a proper lookout for other workers working on the site;

> C. In that Defendants failed to operate its vehicles properly for Plaintiff's safety, as would have been done by a person of ordinary prudence under the same or similar circumstances;
>
> D. By the failure of an employee under Defendants' control to warn Plaintiff when he was too close to the forklift;
>
> E. By the failure of Defendants to have a safety protocol in place such that workers were not allowed to drive their vehicle without first determining whether other worker's harness was properly unlatched;
>
> F. By the failure of Defendants to have a safety protocol in place such that protect Plaintiff from being run over by one of the Defendants' vehicles;
>
> G. By the failure of Defendants to have and/or implement safety protocols, including prohibiting workers from improperly operating vehicles;
>
> H. By the failure of Defendants to properly maintain its, harnesses, carts, forklifts, or other vehicles or materials or property that caused either of the incidents in question; and
>
> I. Other acts of negligence to be determined in discovery.

**6.00   Negligence: Non-subscribing Employer**

6.01   Plaintiff was employed by one or more of Defendants on the date of the events in question. On or about June 12, 2021, Plaintiff believes he was employed by Defendant, AI-SHREVEPORT, LLC — Plaintiff's employer with FEIN 383650122 — who was a non-subscriber as that term is used under the Texas Workers' Compensation Act, in that AI-SHREVEPORT, LLC did not carry a policy of worker's compensation insurance on the Plaintiff, and yet hired him and made use of his services as an employee.

6.02   Under the provisions of §406.033, Texas Labor Code, AI-SHREVEPORT, LLC is barred from asserting a defense based on contributory negligence, assumption of the risks, or negligence of your fellow employee.

**7.00   Agency & Respondeat Superior**

7.01   At all relevant times, the Defendants were collectively operating, in whole or in part or via a partnership, agency, joint venture, and/or joint enterprise.

7.02   At all relevant times, Plaintiff's co-workers, managers, and other workers present were employees or under the control of one or more of the Defendants and acting within the scope of such employment.

7.03   Under the doctrines of agency and Respondeat Superior, Defendants are liable for the acts and omissions of its employees.

**8.00   Damages for Plaintiff**

8.01   As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff Mr. King was caused to suffer severe bodily injuries and to incur some or all of the following damages:

- A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services in Tarrant County, Texas;

- B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

- C. Physical pain and suffering in the past and future;

- D. Impairment in the past and future;

- E. Mental anguish in the past and future;

- F. Disfigurement;

- G. Lost wages past and future; and,

- H. Loss of earning capacity past and future.

**9.00   Prayer**

9.01   **WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully ask(s) that the Defendants be cited to appear and answer and that upon a final hearing of the cause,

judgment be entered for the Plaintiff against Defendants for some or all of the following damages:

    A.    Physical pain in the past and future;

    B.    Mental anguish in the past and future;

    C.    Disfigurement in the past and future;

    D.    Physical impairment in the past and future;

    E.    Medical expenses in the past and future;

    F.    Loss of earning capacity in the past and future;

    G.    Lost wages;

    H.    Costs of suit;

    I.    Prejudgment and post-judgment interest;

    J.    All other and further relief, in law and in equity, to which Plaintiff may be entitled.

## 10.00 Jury Trial

10.01  Plaintiff hereby demand a trial by jury.

Respectfully submitted,

**/s/ *Clint Lee***
**Clint Lee**
Texas Bar No. 24131450
clee@galyen.com

**Kern Lewis**
Texas Bar No. 12295320
klewis@galyen.com

**BAILEY & GALYEN**
1300 Summit Ave, Ste 650
Fort Worth, TX 76102
Telephone: (817) 276-6000
Facsimile: (817) 276-6010

**ATTORNEYS FOR PLAINTIFFS**

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**